IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEKIA TRIGG and ANTANIQUE RAY, | § | CIVIL ACTION NO. |
| *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | |
| CONNER MARTIN, Individually, | § | |
| KAUFMAN COUNTY, TEXAS and | § | |
| Sheriff BRYAN BEAVERS | § | **JURY TRIAL DEMANDED** |
| *Defendants* | § | |

## ORIGINAL COMPLAINT

COMES NOW, the Plaintiffs, NEKIA TRIGG, and ANTANIQUE RAY and complains against the Defendants, KAUFMAN COUNTY, TEXAS and its Sheriff BRYAN BEAVERS, and Deputy CONNER MARTIN, Individually, and for cause would show the court as follows:

## NATURE OF THE ACTION

1.      This is an action brought by the Plaintiffs against The Kaufman County, Texas for excessive force and false arrest. And against Kaufman County Deputy Conner Martin, individually for negligence, gross negligence, unlawful detention, assault/battery, intentional infliction of emotional distress, resulting in injuries to the Plaintiffs, under the color of law, in violation of their individual rights under the Fifth, Fourth, and Fourteenth Amendments of the United States Constitution, and in violation of their civil rights pursuant to 42 U.S.C. § 1983.

2.      Defendant Kaufman County, Texas is a political subdivision of the State of Texas, and funds, operates, and controls the Kaufman County Sheriff's Department. Kaufman County, along with Sheriff Beavers, is responsible for implementing the Sheriff's Department's budget, policies, procedures, practices, and customs, and for the acts and omissions challenged by this suit.

**ORIGINAL COMPLAINT**                                                                                          **Page 1 of 14**

3.      The Sheriff's Department, under the direction of Kaufman County and Sheriff Beavers, is also responsible for preventive, investigative, and enforcement services for all citizens of Kaufman County.

4.      The Defendants, Sheriff Beavers and Kaufman County's failure to develop and implement the necessary policies and the resultant *de facto* policy of deliberate indifference to a widespread custom and practice of unconstitutional conduct was the moving force behind the violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments and caused unwarranted physical and mental anguish. For these civil rights violations and other causes of action discussed herein, Plaintiffs seeks answers and compensation for their damages.

## PARTIES

5.      Plaintiff, Nakia Trigg, is a citizen of the United States and a former resident of Kaufman County, Texas.  She may be served through undersigned counsel.

6.      Plaintiff, Antanique Ray, is a citizen of the United States and a former resident of Kaufman County, Texas.  She may be served through undersigned counsel.

7.      Defendant Deputy Conner Martin, upon information and belief, is a Kaufman County Deputy and may be served with process at his employer, Kaufman Sheriff's Office at 1900 East U.S. Highway 175, Kaufman, TX 75142, or wherever he may be found.

8.      Defendant Sheriff Bryan Beavers is the Kaufman County Sheriff and a final policymaker for the Kaufman County Sheriff's Department, with the authority for setting customs, policies, and practices complained of herein, including training of the Sheriff's Deputies. Sheriff Beavers may be served with process at 1900 East U.S. Highway 175, Kaufman, TX 75142.

9.      Defendant Kaufman County, Texas is a political subdivision of the State of Texas,

and may be served with process through its County Judge Jakie Allen at 1902 East U.S. Highway 175, Kaufman, TX 75142.

## JURISDICTION AND VENUE

10.     Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiffs by constitutional and statutory provisions. Plaintiffs further invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas.

11.     Venue is proper in this court because the causes of action occurred within the Northern District of Texas.

## STATE ACTION

12.     To the extent applicable, Defendant Conner Martin at all times material herein, was a commissioned deputy acting in the course and scope of his employment for the County. He weas acting under color of state law when he subjected Plaintiffs to the wrongs and injuries hereinafter set forth.

## FACTS

13.     On or about July 27, 2021, Plaintiff Nekia Trigg (hereinafter "Trigg") who was a teenager at the time, had been visiting extended family. She had had a disagreement with her relatives and became upset, so she left to walk to her home which was a few blocks away.  Trigg was upset and walking home crying when she reached a point where there was no sidewalk or designated crosswalk.  Trigg had to weave through traffic in order to cross the street.

14.    Trigg had successfully crossed the street and was walking on the sidewalk when Deputy Martin approached her. Martin alleged that he had received reports that Trigg was in danger.  Trigg repeatedly assured him that she was fine and just wanted to go home.  Trigg tried to walk away.

15.    Martin then grabbed Trigg. And she cried and pleaded with him to not hurt her. Trigg managed to call someone to tell her mother, Plaintiff Antanique Ray to let her know that Martin had unlawfully detained her.

16.    Despite Trigg's pleas, Martin then threw her to the ground.  He then pinned her to the ground and straddled her.

17.    As Deputy Martin laid on top of her, Trigg repeatedly cried, "I can't breathe!" and pleaded with Martin to get off of her.



18.    Trigg's mother Plaintiff Ray arrived on the scene.  Ray calmly approached Martin. in a conscious effort to not pose a threat to Martin, Ray kneeled. She tried to reason with

him and to get him to stop laying on Trigg.  Ray, tried to comfort her frightened distraught daughter.  She tried to hold Trigg's hand.

19.	The concerned mother continued to try to convince Martin that he did not have to violently restrain Trigg.

20.	Another deputy arrived on the scene and Ray then attempted to get him to intervene and convince Martin to turn Trigg right side up so she can breathe. The deputy rolled Trigg onto her stomach and then handcuffed her.

21.	As the deputies walked Trigg to take her to a vehicle, Ray continued to try to comfort her teenage daughter and reached out to her hand.

22.	Martin tackled to the ground on the street and put her in cuffs.  Ray told Martin. "All I did was ask you to listen to us."  "I didn't touch you. I touched my daughter when she said … [the handcuffs] were too tight."

23.	Ray was taken to jail and booked into the Kaufman County jail on charges of assault of a public servant and interference with public duties

24.	At no point did Ray present a threat to Martin.  She was simply trying to deescalate the situation and console their daughter.

25.	 Despite Ray not committing any criminal act, Martin arrested their and charged their with "Assault on a Public Servant" and "Resisting Arrest.".

26.	Ray had not committed a crime.

27.	Ray was not suspected of committing a crime.

## FALSE ARREST
### COUNT I- 42 U.S.C. § 1983

28.	Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

29.     Plaintiffs would show that Defendant Deputy's arrest and detention of Plaintiffs were objectively unreasonable and performed in bad faith in that they detained Plaintiffs without probable cause. Plaintiffs did not commit any crime as the evidence would show. Plaintiffs would further show that they have suffered damages within the jurisdictional limits of this court as a result of the wrongful arrest and that such arrest was done under color of law.

30.     Plaintiffs would show that Martin were acting within the official customs, policies, practices and/or procedures in regards to the use of excessive force and denial of due process as authorized and/or ratified by the County at the time of the incident.

31.     Defendant County failed to properly train deputies with regard probable cause for arrest.

32.     Defendant also County failed to discipline deputies who repeatedly violated citizens' rights to be free from false arrest.

33.     Plaintiffs would additionally show that such wrongful arrest was done in violation of Plaintiffs' rights under the Fourth Amendment of the United States Constitution, as incorporated to the states by the Fourteenth Amendment, and that Plaintiffs has suffered damages within the jurisdictional limits of this court as a result of the violations of their rights.

34.     Martin was acting under the color of law when he deprived Plaintiff their constitutional rights to be free from false arrest.

35.     Trigg was never charged.  Subsequent charges against Plaintiff Ray were never prosecuted.

36.     As a direct cause and result of the Constitutional violations by the County as set forth herein, Plaintiffs incurred extreme pain and injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

**EXCESSIVE FORCE**
**COUNT I – 42 U.S.C. § 1983**

37.     Plaintiffs incorporate by reference paragraphs above as if fully set forth herein.

38.     Plaintiffs will show that Martin's actions on the occasion in question were wrongful and constituted gross negligence in depriving Plaintiffs of their constitutional rights, as alleged more fully below.

39.      Plaintiffs would show that at all times material hereto, Martin had a duty to avoid infliction of unjustified bodily injury to Plaintiffs, to protect their bodily integrity and to not trample on their constitutional rights.

40.     Plaintiffs would show that Martin failed to act as a reasonable peace officer would have acted in the same or similar circumstances. That is, Martin, without lawful justification and in the absence of any threat whatsoever to their personal safety or that Plaintiffs was at any time resisting a lawful arrest or detention, assaulted Plaintiffs and used excessive force as described above and injured Plaintiffs without probable cause and/or legal justification. Plaintiffs never made any threatening gestures towards the Martin.

41.     Martin's actions were not objectively reasonable because he followed a procedure designed to inflict excessive force on a non-threatening victim.

42.     Plaintiffs would further show that Martin was acting within the custom, policy, practice and/or procedures of the Defendant County in regard to deprivation of due process and the use of excessive force as authorized and/or ratified Defendant County at the time of the incident.

43.     The force used by the Martin was unnecessary and unreasonable under the circumstances, as Plaintiffs, who was cooperating with Martin, did nothing to require the use of such excessive force.

**ORIGINAL COMPLAINT**                                                                                    **Page 7 of 14**

44.     Plaintiffs would further show that as a result of these violations of Plaintiffs' rights, Plaintiffs has suffered damages within the jurisdictional limits of this court.

## KAUFMAN COUNTY AND BRYAN BEAVERS' FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE
### COUNT II- 42 U.S.C. § 1983

45.     Plaintiffs incorporate by reference all paragraphs as if fully set forth herein.

46.     Martin, acting under color of law and acting pursuant to customs, practices and policies of Kaufman County in regards to denial of due process and the use of excessive force, as authorized and/or ratified by the County, deprived Plaintiffs of rights and privileges secured to their by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and by other laws of the United States.

47.     By failing to provide proper training in the use of excessive force and due process, the County exhibited deliberate indifference to an obvious need for training.

48.     With respect to the claims made the basis of this lawsuit, the County's failure to train its employees in a relevant respect reflects a deliberate indifference to the rights of the County's inhabitants and is actionable under 42 U.S.C. § 1983.

49.     Defendant County under the direction of Defendant Bryan Beavers developed and maintained a policy of deficient training of its police force in the use of force, and due process.

50.     Defendant Bryan Beavers' failure to provide adequate training to its police deputies regarding the use of excessive force and due process reflects deliberate indifference by of the County and reckless and conscious disregard for the obvious risk that deputies would use excessive force on citizens and violate due process rights made the violations of Plaintiffs' constitutional rights, a reasonable probability.

**ORIGINAL COMPLAINT**                                                                                          **Page 8 of 14**

51.     Plaintiffs would show that Martin' actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the County knew or should have known that conduct such as that evidenced in the instant case was likely to occur, but never provided the requisite and proper training that would have prevented it.

52.     Upon information and belief, Defendant County, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Plaintiffs failed to implement the policies, procedures; and practices necessary to provide constitutionally adequate protection to Plaintiffs and implemented policies, procedures, and practices which were the moving force behind the violation of their constitutional rights.

53.     For instance, the following conduct, policies, and customs, inter alia, by Defendants violated Plaintiffs' constitutional rights:

a. The County's failure to adequately train its deputies on use of force;

b. County's failure to discipline or terminate deputies for non-compliance with policy;

54.     Upon information and belief, Defendant County failed to properly discipline deputies for non-compliance with established policy.   Upon information and belief, several deputies violated County policies on numerous occasions, yet remained employed and/or undisciplined.  Such failure to discipline created a *de facto* policy of non-compliance.  Defendant County, by failing to properly discipline or terminate deputies who violate policy and infringe upon citizen's constitutional rights, acted with conscious indifference to Plaintiffs' rights.

55.     The County's failure to properly discipline, and failure to train its deputies regarding the use of force, and failure to properly train its deputies regarding due process were the proximate causes of the violations of Plaintiffs' constitutional rights.

**ORIGINAL COMPLAINT**                                                                                          **Page 9 of 14**

## NEGLIGENCE
### COUNT IV

56.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

57.     Martin owed a duty to Plaintiffs to not cause harm to their person or infringe upon their liberties.

58.     Martin breached his duty of care to Plaintiffs.

59.     Martin unlawfully detained Plaintiffs.

60.     Martin was negligent in their arrest of Plaintiffs.

61.     As a result of Martin' actions, Plaintiffs suffered physical, psychological, and emotional injuries.

62.     As a direct cause and result of Martin's actions as set forth herein, Plaintiffs incurred injuries for which she seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## GROSS NEGLIGENCE
### COUNT V

63.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

64.     Martin had a duty to employ only reasonable measures in the treatment of Plaintiffs.

65.     Notwithstanding said duties, Martin acted in a wanton and willful manner, exhibiting such carelessness and recklessness as to evidence of conscious disregard for the safety of Plaintiffs.

66.     As a direct and proximate result of the actions of Martin, Plaintiffs suffered pain and suffering, mental anguish and severe emotional distress.

67.  Martin embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused Plaintiffs to suffer extreme and severe mental and emotional distress, agony and anxiety.

68.  Martin was not facing any imminent or serious threat of bodily harm or death. Thus, he knew or should have known that he had no right to use any force whatsoever with respect to Plaintiffs. Martin nonetheless unlawfully arrested Plaintiffs through their use of excessive force.

69.  As a direct cause and result of the actions of Martin as set forth herein, Plaintiffs incurred extreme pain and injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## ASSAULT AND BATTERY
### COUNT VI

70.  Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

71.  Alternatively, Martin intentionally and without consent placed Plaintiffs in apprehension of imminent harmful contact and caused harmful bodily contact.

72.  Martin tackled Ray, and grabbed and sat on Trigg, causing severe pain.

73.  As a direct cause and result of the Constitutional violations by the Martin as set forth herein, Plaintiffs incurred extreme pain and injuries for which they seek compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### COUNT VII

74.  Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

75.     Martin's conduct, as described above, was intended to and did inflict severe mental and emotional distress upon Plaintiffs. Martin knew or should have known that such conduct would subject Plaintiffs to sever emotional distress.

76.     Martin's conduct was extreme and outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized society.

77.     Martin accosted, choked, and violently arrested a citizen for simply standing in a parking lot.

78.     Martin's conduct proximately caused Plaintiffs damages in that it caused their to suffer severe emotional distress. In particular, Martin's conduct was the direct and proximate cause of severe mental pain and anguish.

79.     Plaintiffs' emotional distress has been severe that he has suffered from PTSD, anxiety, depression, loss of sleep, and loss of appetite.

80.     In addition to severe emotional distress, Plaintiffs has suffered and will continue to suffer additional damages as a proximate result of the defendant's conduct in that, in all reasonable probability, Plaintiffs will continue to suffer this mental pain and anguish for a long time in the future.

## DAMAGES ALL DEFENDANTS
### COUNT VIII

81.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

82.     Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiffs:

      a.  Actual damages;

      b.  Pain and suffering and mental anguish suffered by Plaintiffs;

    c. Loss of quality of life;

    d. Where applicable, exemplary and punitive damages as well as reasonable attorneys' fees and costs of court;

    e. Pursuant to 42 U.S.C. § 1988, and other applicable laws, Plaintiffs should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

    f. Prejudgment interest; and

    g. Post judgment interest.

83. Plaintiffs seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## PUNITIVE/EXEMPLARY DAMAGES
### COUNT IX

84. Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

85. Additionally, and in the alternative, the conduct of Martin was done with malice.

86. As such, Plaintiffs request punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Plaintiffs' rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiffs requests punitive and exemplary damages are awarded against Martin in a sum which is within the jurisdictional limits of this court.

## COSTS AND ATTORNEY FEES

87. Plaintiffs incorporate by reference paragraphs above as if fully set forth herein.

88. Plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b) and other applicable provisions or in equity. As such, Plaintiffs requests the Court to award costs and attorney fees incurred in Plaintiffs' prosecution of this litigation.

**ORIGINAL COMPLAINT**

## CONDITIONS PRECEDENT

89.    Plaintiffs reserves rights to plead and prove the damages to which they are entitled to at the time of trial. All conditions to Plaintiffs; recovery have been performed or have occurred.

## TRIAL BY JURY

90.    Plaintiffs have paid a jury fee and demands trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiffs have and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

/s/ Kim T. Cole
KIM T. COLE
Texas State Bar No. 24071024
**K. COLE LAW, PLLC**
11450 US HWY 380
Suite 130-189
Crossroads, Texas 76227
(214) 702-2551 (phone)
kcole@kcolelaw.com
**ATTORNEY FOR PLAINTIFFS**